IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-00465-MSK-KLM

BALL DYNAMICS INTERNATIONAL, LLC, a Colorado limited liability company,

        Plaintiff,

v.

JAMZ FITNESS, INC., a Florida corporation,

        Defendant.

---

## STIPULATED PROTECTIVE ORDER

---

The parties to this action have stipulated and agreed herein that discovery may involve production of confidential or trade secret information. In view of this stipulation, the Court finds that good cause exists for issuance of a Protective Order. Therefore, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED:

1.      This Protective Order governs the use, disclosure, and dissemination of documents and other information produced and testified to by the parties, any witness, and/or agent thereof, as well as any attorney or expert involved in said litigation, and their employees or agents, in this action, and shall include, but is not limited to, any type of document, affidavit, or testimony, any taped, recorded, filmed, written or typed matter, offered for any purpose, whether under oath or otherwise, including the originals and all marked copies, whether different from the originals by reason of any notation made on such copies or otherwise; all deposition, hearing and trial testimony and transcripts, all interrogatories, document requests, and all requests for admission, including responses thereto; and any physical objects or other items or any other

information gained by inspection of any tangible thing, which are designated in any form as "Confidential" (hereinafter "Confidential Information").

2.      A person producing or filing Confidential Information may designate it as either "Confidential" or "Confidential -- Attorneys Eyes Only." The designation "Confidential" may be applied to any Confidential Information which the producing person believes in good faith to constitute, contain, reveal or reflect its private, confidential, trade secret, or proprietary information. The designation "Confidential -- Attorneys Eyes Only" may be applied to any Confidential Information which the producing person believes in good faith to constitute, contain, reveal or reflect sensitive or valuable private, confidential, proprietary or trade secret information, such that disclosure to any employee of a competitor would expose the owner of the information to serious risk of irreparable loss.

Any such information designated as "Confidential," or "Confidential – Attorneys Eyes Only" shall be used by the party or parties, and their counsel, receiving said confidential information, subject to the terms of this Protective Order solely for the purpose of preparing for and conducting proceedings in this Action, and for no other purpose.

3.      All material produced in this litigation which has been designated as Confidential Information shall be used for no purpose other than this litigation. To that end, the parties shall limit the disclosure of all such Confidential Information only to persons with a need to know the information for purposes of supporting this litigation.

4.  Material designated "Confidential" shall be disclosed to no one except:

(a)      Individually named parties and employees of the parties whose assistance is necessary for counsel to prepare the case. Before disclosure, any person designated under this provision shall be required to read this Order and

2

sign an agreement to comply with it in the form attached as Exhibit A;

(b) Counsel for the parties and the staff of such counsel directly involved in this litigation, including outside support and administrative personnel such as copying and graphics services;

(c) Any person agreed to in writing by the parties;

(d) Up to four (4) bona fide experts and consultants, and their assistants retained specifically retained for this case as testifying or consulting experts;

(e) The court reporter and his or her staff transcribing a portion of a deposition where material designated as "Confidential" is involved; and

(f) The Court and its regularly employed staff.

5. Documents and information designated "Confidential -- Attorneys Eyes Only" shall be disclosed to no one except:

(a) Outside counsel for the parties and the staff of such counsel directly involved in this litigation, including outside support and administrative personnel such as copying and graphics services;

(b) In-house counsel for the parties;

(c) Any person agreed to in writing by the parties;

(d) Up to four (4) bona fide experts and consultants, and their assistants retained specifically retained for this case as testifying or consulting experts;

(e) The court reporter and his or her staff transcribing a portion of a deposition where material designated as "Confidential -- Outside

Attorneys Only" is involved; and

(f)     The Court and its regularly employed staff.

6.      Documents and/or information designated as Confidential Information shall be treated as confidential and are not to be communicated in any manner directly or indirectly, to anyone other than a person qualified to receive such material under the terms and conditions set forth below.  Each person who is required to agree to be bound by the terms and conditions of this Protective Order shall execute an Acknowledgment in the form of Exhibit A.  Counsel for the party disclosing the Confidential Information to any such person shall be responsible for maintaining a list of all such persons and maintaining the original Acknowledgments signed by them.

7.      If any information previously designated as Confidential Information is disclosed at any deposition, or is disclosed on the record of any proceeding before the Court (other than at trial), said portion of the transcript or records which contains the Confidential Information shall be marked as "Confidential" and subject to the terms of this Protective Order.  Use of Confidential Information at trial shall be subject to future Court determination or agreement.

8.      When documents, briefs, transcripts or memoranda containing "Confidential Information" are to be filed with the Court, the Confidential Information shall be filed unfolded in a sealed envelope with a copy of a cover page affixed to the outside of the envelope, pursuant to D.C.COLO.L.Civ.R 7.3(B), stating:

a.      the case caption;

b.      the title of the paper or document;

c.      the name, address, and telephone number of the attorney or *pro se* party filing the paper document;

d.     a notation that the paper of document is filed under seal; and

e.     the title and date of the court order pursuant to which the paper or

document is sealed, if applicable, or the citation of the statute or other authority

pursuant to which the paper or document is sealed, if applicable.

Copies of the papers or documents in sealed envelopes shall be filed in accordance with

D.C.COLO.L.Civ.R 10.1L.

9.     Nothing in this Order is intended to restrict in any way a party's use of its own

confidential information. This Protective Order shall not preclude counsel for any party from

using in the course of depositions or submitting to the Court for any purpose, including trial, any

document or information designated as "Confidential," provided that adequate steps are taken to

preserve the confidentiality of such material, and provided further:

(a)     that during the course of any deposition such material may be disclosed
only to an employee or agent of the party providing such material, or a
person who is indicated to be the author, direct recipient or copy recipient
of such material, or another person authorized by this Protective Order to
receive such material; and,

(b)     that any party intending to make use of Confidential Information in
connection with any courtroom proceeding or appeal in this matter shall
notify the other party in advance thereof, and the parties shall attempt to
agree upon appropriate procedures to protect confidentiality in such
circumstances. Any party may request the Court to accord special
treatment to evidence previously designated as Confidential Information
to an extent not inconsistent with the reasonable courtroom use in this
Court and in connection with any hearings on appeal; such special
treatment may include, without limitation, the maintaining of a document
under seal when not being used in the courtroom and the dismissal from
the courtroom, during any period of disclosure of the designated material,
of all persons not authorized to have access to the document under the
terms of the Protective Order.

10.     By entering into this agreement and Protective Order, the parties agree that

compliance with the terms of this Protective Order shall not be deemed to be a waiver of any

applicable privilege, including but not limited to, attorney/client, and accountant/client privileges. Nor shall this Protective Order operate as an admission by any person that any particular discovery materials or documents or information actually or presumptively contains or reflects proprietary or commercial information or other confidential matter. Nor shall this Protective Order prejudice the right of any party or person to seek a determination from the Court of whether (1) particular discovery materials should be produced, or (2) if materials are produced, whether said materials should be subject to the terms of this Protective Order. This Protective Order is entered into without prejudice to any party or other person to move the Court for modification of or relief from its terms.

11.     All documents shall not be used by any recipient or disclosed to anyone for any purpose other than in connection with this litigation, and shall not be communicated in any manner, directly, or indirectly, to anyone other than a person qualified to receive such material under the terms and conditions set forth herein, unless and until the restrictions herein are modified either by agreement of counsel for all parties, or by order of the Court.

12.     If information designation pursuant to this Protective Order is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of all interested parties, without prejudice to other rights and remedies of the designating party, and shall make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

13.     This Protective Order shall not bar attorneys from advising their clients with respect to this litigation, or generally commenting on Confidential Information so long as such advice and comment does not disclose the Confidential Information to any person not subject to

this Protective Order.

14.     Upon termination of this lawsuit (whether by judgment, settlement, or otherwise), each party shall within forty-five (45) days thereafter return such Confidential Information and/or documents, or destroy such materials and provide a letter certifying such destruction and shall either return or destroy all copies, extracts, and summaries of such material. Notwithstanding anything contained herein to the contrary, counsel for the parties may retain copies of transcripts and work product, including pleadings, briefs and memoranda, that are claimed to contain Confidential Information.  Such materials shall remain subject to the terms of this Protective Order, which shall survive the termination, for any reason, of this Action.

15.     Any party may request removal of the "Confidential Information" designation of any materials so designated by serving written notice of such request on counsel for the Producing Party, specifying with reasonable particularity the materials to which the request is made.  Within ten (10) days of the service of such a request, the Producing Party shall respond in writing either:

(a)     withdrawing the designation objected to;

(b)     specifying that the designated materials/information falls within the judicially recognized classifications of confidential information as follows:
(i)     trade secrets or other confidential research, development or commercial information entitled to protection;
(ii)    non-public financial or business information; or
(iii)   information protected or restricted by statute or governmental regulation; or,

(c)     specifying any other basis for the designation.

If the Producing Party does not withdraw the designation, the objecting party may, within ten (10) days after service of the response, file a motion for a determination by the Court as to the validity of the objection.   The party challenging such a designation has the burden of making an

appropriate motion to the Court and obtaining a hearing upon such motion. At such hearing, the

party claiming confidential status shall have the burden of establishing the need for such status.

Pending such determination by the Court, material designated by a party as Confidential shall be

treated as provided for in this Protective Order. If appellate review of the Court's decision is

sought, the designated material in question shall continue to be treated as provided for in this

Protective Order until the final conclusion of all appellate review.

16.     If any party to this Action is served with a subpoena, or notice or request to

produce any information protected under this Order, by any person, entity, or government

agency not subject to, or a signatory of, this Protective Order, the party receiving such subpoena

or request shall notify the designating party in writing within forty-eight (48) hours of receipt

thereof to enable the designating party to take whatever steps necessary and appropriate to

protect said Confidential Information.

17.     This Protective Order shall not apply to information received by a Receiving

Party in the following situations/circumstances:

(a)     when such information is, at any time, developed by the Receiving Party
without use of or without reliance on any of the Producing Party's
Confidential Information;

(b)     when such information is rightfully acquired by the Receiving Party from
an independent source, without restriction as to use or obligation of
confidence;

(c)     when such information was, prior to disclosure, rightfully in the
possession or knowledge of the Receiving Party;

(d)     when such information is publicly available in substantially the same form
as it was provided by the Producing Party;

(e)     when such information is required by law to be made available to third
parties;

(f)     when such information was, is, or becomes public knowledge, in a means
or way not in violation of this Order.

18.     The terms of this Protective Order shall survive the termination of this litigation

and the Court shall retain jurisdiction of this action after its final disposition for the purpose of

enforcing this Stipulated Protective Order.

19.     **There is no presumption that confidential information filed with the Court or used in a hearing or trial will be sealed.  There must be a motion and showing of compelling reasons in accordance with D.C.COLO.LCivR 7.2 before the Court will authorize the sealing of any documents or the closure of any proceedings to the public**.

Dated this 7th day of April, 2008

BY THE COURT:

_____

Marcia S. Krieger
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00465-MSK-KLM

BALL DYNAMICS INTERNATIONAL, LLC,
a Colorado limited liability company,

       Plaintiff,

v.

JAMZ FITNESS, INC.,
a Florida corporation,

       Defendant.


ACKNOWLEDGMENT OF CONFIDENTIALITY AGREEMENT/PROTECTIVE ORDER


       I, _____, have been provided with a copy of the Protective

Order executed between the parties in the above captioned case.  I have reviewed the Protective

Order and hereby agree to be bound by and comply fully with this Order.


                                  _____


       Dated this _____ day of _____, 200__.




                                  _____